Hillsborough, }
  Dec. 4, 1906. }

### TRAFTON v. OSGOOD, *Ex'x.*

Testimony is not incompetent merely because it differs from, or is inconsistent with, statements of the witness at a former hearing.

In the absence of exception, it is presumed that the evidence in a case warranted its submission to a jury, and that correct instructions were given as to the legal effect of the facts of which there was proof.

BILL IN EQUITY, to remove a cloud upon the plaintiff's real estate title. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1906, of the superior court by *Peaslee*, J..

The defendant claimed title by virtue of a levy against one Tuttle. While the levy was in progress the plaintiff brought a bill to enjoin the same, which upon hearing was dismissed without prejudice. Two lots were involved. At the hearing upon the bill for an injunction, the plaintiff testified, among other things, that she purchased the lots of Tuttle, and that at that time there was a house partially erected on each lot; that she mortgaged one house and lot for $1,400 and the other for $2,600, and with the money so obtained she in each instance paid a balance due on the purchase and the cost of completing the house. In the present bill it was alleged that the plaintiff had paid for the property in the same way and in the same amounts as she had tes-

tified at the former hearing. At the trial in this case she offered to testify that the property cost a large sum in addition to $1,400 and $2,600, as it in fact did, and that she paid the additional sum from money which she borrowed, or earned and saved. The defendant objected that her allegation in the bill was of the smaller sum. The plaintiff's motion to amend the bill by inserting the larger sum was allowed and her testimony as to the cost was admitted in evidence, to all of which the defendant excepted.

*Charles A. Perkins*, for the plaintiff.

*Alpheus C. Osgood* and *Almon F. Burbank*, for the defendant.

PARSONS, C. J. The allowance of the amendment to the plaintiff's statement of her case in the bill is not subject to exception. The question of justice involved is one of fact. Objection to the decision of the fact by the superior court does not present any question for consideration here.

If the plaintiff had admitted that she committed perjury at the former hearing, such an admission would not prevent her testifying to the truth when again called as a witness to the matter. Such fact, if admitted or proved, would have affected the credibility—not the competency—of her testimony. P. S., *c.* 224, *s.* 26; *Wilson* v. *Russell*, 61 N. H. 354: *Demeritt* v. *Miles*, 22 N. H. 523, 528; *People* v. *O'Neil*, 109 N. Y. 251, 266. So far as *Behr* v. *Insurance Co.*, 4 Fed. Rep. 357, cited by the defendant, tends to support the objection urged against the plaintiff's testimony, the holding appears to be made in deference to a peculiarity of the law of Tennessee which the opinion concedes is not the rule elsewhere. *Ib.* 368; 1 Gr. Ev., *s.* 210; 1 Wig. Ev., *s.* 525, *et seq.*

The evidence excepted to was competent. The effect of the evidence, tending to show that the plaintiff's claims and testimony upon a former occasion differed from or were inconsistent with her claims and testimony in this case, is a question not raised by the exceptions taken to the allowance of the amendment, to the admissibility of her testimony as now given, or to her competency as a witness. It must be assumed that the whole evidence presented matter properly for the jury, and that it was submitted to them with correct instructions as to the legal effect of the facts of which there was proof, no exception having been taken on either point.

*Exceptions overruled.*

All concurred.